FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

'09 JUL 27 PM 2: 28

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )
            Plaintiff,                )     CIVIL ACTION NO.
                                      )
      v.                              )     C 2  09  656
                                      )     JUDGE HOLSCHUH
AVI FOODSYSTEMS, INC.,                )     MAGISTRATE JUDGE ABEL
                                      )
            Defendant.                )     COMPLAINT
                                      )
                                      )     JURY TRIAL DEMAND
_____)

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and

Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to

provide appropriate relief to individuals who were adversely affected by such practices, in

particular, Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R.

Joest, Heidi Tackett, and a class of qualified individuals with disabilities who were

discharged or precluded from returning to work because they were not free of medical

restrictions. As alleged with greater particularity in Paragraphs 8 and 9 below, the

Defendant has failed to make reasonable accommodations to qualified individuals with

disabilities, has a policy or practice of requiring individuals to present a full-duty, no-

restriction doctor's release before the individuals will be allowed to return to work, and

uses selection criteria that screens out qualified individuals with disabilities.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4.      At all relevant times, Defendant, AVI Foodsystems, Inc. (the "Employer"), has continuously been an Ohio Corporation doing business in various locations, including the State of Ohio and the City of Marysville, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA,

42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, and Heidi Tackett filed charges with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least April 2007, Defendant Employer has engaged in unlawful employment practices at its various facilities, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant Employer has a policy or practice of requiring individuals to present a full-duty, no-restriction doctor's release before the individuals will be allowed to return to work. Defendant Employer discharges or precludes individuals from returning to work because they are not free of medical restrictions. Defendant Employer's policy or practice violates the ADA in that

      a.    the policy or practice limits or classifies individuals in a way that adversely affects individuals because of their disabilities, in violation of Section 102(b)(1) of Title I of the ADA, 42 U.S.C. § 12112(b)(1); and

3

      b.   the policy or practice screens out or tends to screen out individuals with disabilities, in violation of Section 102(b)(6) of Title I of the ADA, 42 U.S.C. § 12112(b)(6).

9.      Since at least April 2007, Defendant Employer has engaged in unlawful employment practices at its various facilities, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant Employer has a maximum-leave policy, which invariably prevents employees from taking more than the designated 6- or 12-weeks of leave. Defendant Employer has failed to make reasonable accommodation to the known physical or mental limitations of otherwise qualified individuals with disabilities or, to avoid making reasonable accommodations, has denied employment opportunities to employees who are otherwise qualified individuals with disabilities, in violation of Section 102(b)(5) of Title I of the ADA, 42 U.S.C. § 12112(b)(5).

10.     The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R. Joest, Heidi Tackett, and a class of qualified individuals with disabilities who were discharged or precluded from returning to work because they were not free of medical restrictions, of equal employment opportunities and otherwise adversely affect their status as employees.

11.     The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

12.     The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R. Joest, Heidi

Tackett, and a class of qualified individuals with disabilities who were discharged or precluded from returning to work because they were not free of medical restrictions.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from requiring individuals to present a full-duty, no-restriction doctor's release before the individuals will be allowed to return to work.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R. Joest, Heidi Tackett, and a class of qualified individuals with disabilities who were discharged or precluded from returning to work because they were not free of medical restrictions, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, in amounts to be determined at trial.

D.    Order Defendant Employer to make whole Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R. Joest, Heidi Tackett, and a class of qualified individuals with disabilities who were discharged or precluded from returning to work because they were not free of medical restrictions, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 8 and 9 above, including embarrassment, loss of enjoyment of life, humiliation, and emotional pain and suffering, in amounts to be determined at trial.

     E.     Order Defendant Employer to pay Jessica Brown, Anthony Hoegeman, Gary Holley, Jimmy Jackson, Janel R. Joest, Heidi Tackett, and a class of qualified individuals with disabilities who were discharged or precluded from returning to work because they were not free of medical restrictions, punitive damages for its malicious and reckless conduct, as described in paragraphs 8 and 9 above, in amounts to be determined at trial.

     F.     Grant such further relief as the Court deems necessary and proper in the public interest.

     G.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

     Respectfully Submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov