IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

AVI FOODSYSTEMS, INC.,

Defendant.

CIVIL ACTION NO.

2:09-cv-00656-JDH-MRA

**CONSENT DECREE**

The Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted this civil action under the authority granted by Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6. The EEOC's action was brought to correct unlawful employment practices on the basis of disability.

The Commission and Defendant, AVI FOODSYSTEMS, Inc. ("AVI") hereby stipulate to the jurisdiction of the Court over the parties and the subject matter.

The parties have advised the Court that they desire to resolve this civil action without the burden, expense, and delay of further litigation.

It is, therefore, the finding of the Court, based on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action, (2) implementation of this Decree will advance the purposes and provisions of the ADA, and (3) this Consent Decree resolves all claims in dispute in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. AVI will comply with all applicable provisions of the ADA.

2. AVI will not retaliate or discriminate against any of its employees, former employees,

or applicants for employment because the individual has (a) made a charge or opposed an unlawful employment practice under the ADA or any other law enforced by the EEOC or (b) assisted or participated in any manner in an investigation, proceeding, or hearing under the ADA or any other law enforced by the EEOC.

3. AVI agrees to post the Notice of Non-Discrimination Policy attached to this Decree as Appendix A in conspicuous locations visible to applicants and employees at each of its facilities. Said Notices shall remain posted throughout the term of this Decree.

4. AVI shall pay $10,000 to Jessica Brown or her heirs or assigns in the event of her death. This amount represents $5,000 for lost wages and $5,000 in compensatory damages. AVI shall make checks in those amounts, less applicable taxes and withholdings, payable to Jessica Brown, and send it to her at the following address:

8538 Mt. Vernon Road
St. Louisville, Ohio 43071

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will not withhold any amounts from payments of compensatory damages.

5. AVI shall pay $5,000 to Anthony Hoegeman or his heirs or assigns in the event of his death. This amount represents $2,500 for lost wages and $2,500 in compensatory damages. AVI shall make checks in those amounts, less applicable taxes and withholdings, payable to Anthony Hoegeman, and send it to him at the following address:

702 West 117th Street
Greensburg IN 47240

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will not withhold any amounts from payments of compensatory damages.

6. AVI shall pay $7,500 to Gary Holley or his heirs or assigns in the event of his death. This amount represents $3,750 for lost wages and $3,750 in compensatory damages. AVI shall make checks in those amounts, less applicable taxes and withholdings, payable to Gary Holley, and send it to him at the following address:

344 Firwood Drive #M
Dayton, Ohio 45415

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will not withhold any amounts from payments of compensatory damages.

7. AVI shall pay $1,680 in backpay to Jimmy Jackson or his heirs or assigns in the event of his death. AVI shall make a check in this amount, less applicable taxes and withholdings, payable to Jimmy Jackson, and send it to him at the following address:

138 Crestwood Drive
Whiteland IN 46184

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will adjust Mr. Jackson's seniority and make any other adjustments needed to place him in the position he would have been had he worked continuously from December 6 to December 29, 2007.

8. AVI shall pay $5,000 to Heidi (Tackett) Brady or her heirs or assigns in the event of her death. This amount represents $2,500 for lost wages and $2,500 in compensatory damages. AVI shall make checks in those amounts, less applicable taxes and withholdings, payable to Heidi Brady, and send it to her at the following address:

9899 Rosedale Milford Center Road
Irwin, Ohio 43029

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will not withhold any amounts

from payments of compensatory damages.

9. AVI shall pay $2,000 to Janel R. Joest or her heirs or assigns in the event of her death. This amount represents $1,000 for lost wages and $1,000 in compensatory damages. AVI shall make checks in those amounts, less applicable taxes and withholdings, payable to Janel R. Joest, and send it to her at the following address:

17897 Phillip Drive
Noblesville IN 46060

AVI will not deduct from any amount the employer's share of any costs, taxes, or Social Security required by law to be paid by AVI. Further, AVI will not withhold any amounts from payments of compensatory damages.

10. Within thirty days of entry of this Decree, AVI shall mail the checks as provided in ¶¶ 4-9 above. AVI shall mail a copy of the checks and proof of their delivery (signed certified mail receipts) to the Commission.

11. Within thirty days of entry of this Decree, AVI will notify Jessica Brown, Anthony Hoegeman, Gary Holley, Heidi (Tackett) Brady, and Janel Joest of the opportunity for employment at AVI. AVI will mail the notice letter (Appendix C) via certified mail or an alternative means that confirms delivery to the addresses specified in ¶¶ 4, 5, 6, 8, and 9 above.

12. Within thirty days of entry of this Decree, AVI will notify the class members listed on Appendix B of the opportunity for employment at AVI.

a. The individuals who are to be notified will be former employees who were separated between April 11, 2006, and the present from AVI FOODSYSTEMS, Inc., after their FMLA or 6-week medical leave had been exhausted, and who (i) either were ready to return to work immediately or would have been ready to return to work with extended or additional leave as

    a reasonable accommodation and (ii) could have performed the essential functions of the job with or without reasonable accommodation but (iii) were not allowed to return to work because they had medical restrictions. The class will not include individuals who have been returned to work at AVI or individuals who are known to be deceased. The individuals now known are identified on Appendix B.

b. AVI will notify the individuals in writing of the option to elect a job at AVI or $1,000 (Appendix D).

c. AVI will send the notice letter to each individual's last known address via certified mail or an alternative means that confirms delivery.

d. If a letter is returned as undeliverable, or AVI otherwise learns that a letter has not reached a class member, AVI will promptly notify the EEOC. If the EEOC learns of another address for that individual, the EEOC will so notify AVI, and AVI will promptly resend the letter notice to the new address.

13. For each class member who elects to take $1,000 in response to a notice sent pursuant to ¶ 12, AVI will promptly make payment. The amount represents compensatory damages. AVI shall make a check for $1,000 payable to each individual, and send it to the individual's last known address. In the event of the death of an individual, the payment shall be made to the individual's heirs or assigns. AVI will prepare and furnish appropriate 1099-MISC forms to the individuals.

14. Should any charging party or class member choose to take a job in response to a notice sent pursuant to ¶ 11 or ¶ 12, AVI will make diligent efforts for 90 days (beginning on the date the individual notifies AVI of his or her desire to have a job) to find a job acceptable to the individual. If such a job is found, AVI will offer the job to the employee if

the employee is able to do the essential functions of the job with or without a reasonable accommodation. If a class member chooses to take a job and receives an offer pursuant to this paragraph, but unreasonably fails to report for work, that individual will forfeit all rights and remedies under this consent decree.

15. If at the end of the 90-day period to find a job as specified in ¶ 14, an open position is not found that is acceptable to a class member and on which the class member is able to perform the essential functions of the job with or without a reasonable accommodation, AVI will promptly pay the class member $1,000 for compensatory damages. AVI shall make a check for $1,000 payable to each such individual, and send it to the individual's last known address. In the event of the death of such an individual, the payment shall be made to the individual's heirs or assigns. AVI will prepare and furnish appropriate 1099-MISC forms to the individuals.

16. Nothing in this Consent Decree will preclude or prevent AVI from taking other steps to recruit or hire any charging party or individual listed on Appendix B. It is the intent of the parties to find employment for as many of these individuals as possible.

17. AVI shall set aside $75,000 to make the payments identified in ¶¶s 12, 13, and 15. If that fund of money is insufficient to make the payments, AVI will cover any additional payments. If money remains in the fund of $75,000 eighteen months from the entry of this Decree, AVI will give the remainder to Youngstown Area Goodwill Industries, Inc.

18. AVI will not enforce a policy that (a) requires any employee who is disabled as defined by the ADA to be "100% healed" or without restriction before the employee is allowed to return to work at AVI following a medical leave of absence, (b) limits an employee on leave for a medical reason to a certain amount of leave without considering the possibility of more time on leave as a reasonable accommodation in accordance with the

ADA, or (c) requires an employee to work or serve a minimum period of time before the employee is eligible for a reasonable accommodation under the ADA, including leave for a medical reason as a possible accommodation. AVI will make reasonable accommodations for all employees who are disabled as defined by the ADA in full compliance with the ADA, including disabled employees who are returning to work after a leave of absence taken for a medical reason. Within thirty days of entry of this Decree, AVI will provide the Commission with a copy of any company policy that has been adopted or implemented since July 1, 2008, and involves any leave for medical reasons, the ADA, or employment of disabled workers.

19. AVI shall provide training for managers. This training shall cover what constitutes an unlawful employment practice under the ADA. The training must be conducted within 150 days from the date of entry of this Decree, and will be given to all branch managers and any other managers or supervisors with responsibility for 10 or more employees. No fewer than 40 days before the training, AVI shall provide notice to the Commission of the date, time, and place of the training, and shall send to the Commission a copy of the training program and all written materials, if any, to be used. The Commission may provide reasonable input on the content of the training but shall do so no later than 20 days prior to the training.

20. AVI will report to the EEOC (addressed as specified in ¶ 21) on the employment of the charging parties and class members. AVI will provide the first report within 90 days after sending the notices outlined in ¶¶ 11 and 12 above, and will send updates every 60 days thereafter until 60 days after the last payment made to class members. At a minimum, AVI will report the following:

    a. AVI will provide the EEOC with a copy of all correspondence (including text and emails) sent to, or received from, any charging party or class

  member or on behalf of a charging party or class member.

b. AVI will keep a log of all telephone calls to or from any charging party or class member or on behalf of a charging party or class member that are made to the telephone number designated in Appendix D. AVI will provide the EEOC with a copy of this log, along with notes of any telephone calls.

c. AVI will list all jobs at AVI offered to and taken by any charging party or class member.

d. AVI will report all payments made pursuant to ¶ 13 or ¶ 15, including a copy of all checks sent and proof of their delivery (signed certified mail receipts, delivery confirmations, or endorsed checks).

e. AVI will report on each charging party listed in ¶ 11, detailing whether the individual chose a job with AVI, and, if applicable, which job(s) were offered to the individual, which job(s) the individual accepted, which job the individual was placed into, when the individual began the job, what is the individual's current employment status, and the reason for termination (if any).

f. AVI will report on each class member, detailing (a) whether the individual chose a job with AVI or money, (b) if applicable, when the individual was paid and in what amount, (c) any forfeiture of rights and remedies as provided in the last sentence of ¶ 14, with an explanation of the circumstances, and (d) if applicable, which job(s) were offered to the individual, which job(s) the individual accepted, which job the individual was placed into, when the individual began the job, what is the individual's current employment status, and the reason for termination (if any).

21. In addition to the reporting requirements of ¶¶s 10, 18, 19, and 20, AVI will submit a report to the EEOC detailing compliance with this Decree within 120 days of the date of the Decree. AVI will certify to the EEOC's Regional Attorney that it has complied with ¶¶ 4-9 of this Decree. In addition, AVI shall submit two annual reports, the first due by July 1, 2010, and the second by July 1, 2011. In each report, AVI shall include the following information:

i. the dates and topics of all training programs offered pursuant to ¶ 19 or concerning the ADA;

ii. a copy of all written materials relied on or disseminated at the training programs described above;

iii. the name and position of each employee who attends a training program that is described above;

iv. a list of employees who have taken an FMLA or 6-week medical leave or any other medical leave of absence for their own medical condition in the previous 12-month period, identified by name, location, position, home address and telephone number, type of leave, current employment status, and reason for termination (if applicable);

v. a list of individuals whom AVI has not hired or returned to work in the previous 12-month period for a medical reason or because of a medical restriction, including expiration of medical leave, identified by name, location, home address and telephone number, date of decision, and reason why the individual was not hired or returned to work;

vi. a list of employees who, in the previous 12-month period, have completed paperwork under AVI's ADAPT process, identified by name, location, home

address and telephone number, date of decision, position, description of accommodation requested or granted, and action taken regarding any accommodation request; and

vii. a list of employees who, in the previous 12-month period, have requested FMLA or 6-week medical leave or any other medical leave of absence—or an extension of such leave—for their own medical condition but were denied leave, identified by uame, location, home addrcss and telephone number, position, and reason for the denial of leave.

The reports shall encompass all of AVI's facilities. All reports shall be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 West Ohio Street, Suite 1900, Indianapolis IN 46204-4239.

22. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect the premises; interview employees; and request, examine, and copy documents upon reasonable notiee.

23. In the event that the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing specifically identifying the alleged violation to AVI. AVI will have ten days in which to investigate and respond to the allegation.

24. The term of this Deeree shall be for two and oue half years following the date of entry of the Decrcc.

25. Each party will each bear its own eosts and attorneys' fees.

26. The Court will retain jurisdiction of this cause for two and one half years for purposes of monitoring compliance with thc Deeree and entry of such further orders or modifications as may be necessary or appropriate.

SO ORDERED.

Date: 7-28-09

Hon. John D. Holschuh
United States District Court
Southern District of Ohio

# EMPLOYEE NOTICE

## Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Indianapolis District Office

This Notice is being distributed and posted by agreement between AVI Foodsystems, Inc., and the United States Equal Employment Opportunity Commission, resolving Civil Action No. 2:09-cv-00656-JDH-MRA in the United States District Court for the Southern District of Ohio.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual=s sex, race, color, religion, national origin, disability, or age (over 40).

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

AVI supports and will comply with federal law in all respects and will not take any actions against employees because they have exercised their rights under the law. AVI agrees not to discriminate in employment, will conduct a training program on the Americans with Disabilities Act of 1990, and will not retaliate against an individual who files a charge of discrimination.

If you have any complaints of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:

Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204-4239
Telephone (317) 226-7212
TTY (317) 226-5162

## Class Members

| Name | City, State |
|---|---|
| Adkins, Michael | 406 Douglas St. N.E., Warren, OH 44483 |
| Albright, Susan | 326 School St., Butler, PA 16001 |
| Anderson, Frances | 1101 1/2 Oakland Ave., Charleroi, PA 15022 |
| Baker, Barbara | 88 Fennimore Ave., Buffalo, NY 14215 |
| Beaver, Glenna | 35304 Jamestown Dr., Clinton Twp, MI 48035 |
| Belitsky, Lawrence | 166 Oakwood St., Barberton, OH 44203 |
| Beller, Crystal | 65 Craig St., Buffalo, WV 25033 |
| Bennett, Marilynn | 557 N. Spring St., Apt. 2, Wilmington, OH 45177 |
| Brigode, Margie "Yvonne" | 31 Pennsylvania Ave., California, PA 15419 |
| Bucceri, Irene | 4821 Robinwood Dr., Mentor, OH 44060 |
| Conley, Mary D. | 39 Hall Rd., Vanceburg, KY 41179 |
| Cornell, Hazel | 1403 Dyke Rd., Andover, NY 14806 |
| Cousins, Rebecca | 516 Mary St., Charleston, WV 25302 |
| Davis, Margaret | 534 High Ave., Niles, OH 44446 |
| Delong, Sonnetta | 431 N. 12th St., Cambridge, OH 43725 |
| Dickey, James | 1403 Fairmont St., East Liverpool, OH 43920 |
| Eads, Betty | 4161 Windbud Dr., New Albany, OH 43054 |
| Ervin, Jason | 10770 Oxley Rd., Athens, OH 45701 |
| Fay, Brian | 1 Russell Street, Apt. 102, Canisteo, NY 14843 |
| Fox, Elizabeth | 649 W. Crawford, Toledo, OH 43612 |
| Gillie, Christina | 79 Helen Ave., Niles, OH 44446 |
| Goldner, Charlotte | 803 Hawthorne Ave., Warren, OH 44483 |
| Gonyer, John | P.O. Box 922, Fostoria, OH 44830 |
| Greiwe, Nancy L. | 15537 Valley Rd., Wapakoneta, OH 45895 |
| Hawkins, Elaine | 1552 Barnhill Rd., P.O. Box 201, Midvale, OH 44653 |
| Hayes, Angel | 103 Ida St., Buffalo, WV 25033 |
| Haynes, Patricia | 13 Wells St., P.O. Box 125, Coalton, OH 45621 |
| Heffner, Joan | 59 S. Whiteoak St., Kutztown, PA 19530 |
| Heisterman, Valerie | 826 Third Ave., Sidney, OH 45365 |
| Hill, Robin L. | 3519 Kroger Ave., Cincinnati, OH 45226 |
| Hitchcock, Catherine | 2590 Elm Road, N.E., Warren, OH 44483 |
| Hunt, Alesia | P. O. Box 64, Bob White, WV 25028 |
| Jackson, Gayle | 2361 Hanna Dr., Columbus, OH 43211 |
| Jay, Judy | 7809 Silver Lake Place, Indianapolis, IN 46259 |
| Jones, Sharon F. | 12524 Melody Ln., Grafton, OH 44044 |
| Karwatske, Dorothy | 35624 Law Rd., Grafton, OH 44044 |
| Kelly, Gregory | 15977 Barnes Dr., Belle Center, OH 43310 |
| Knisley, Glenn | 1446 Schaffer Rd., Waverly, OH 45690 |
| Konerman, James | 34 Pleasant Ridge Ave., #3, Ft. Mitchell, KY 41017 |
| Lavery, Ronald | 239 Creek Dr., Slippery Rock, PA 16057 |
| Long, Carol | 76 Mickey Road, Shelby, OH 44875 |
| Lynch, Victoria A. | 215 E. 156th Street, Cleveland, OH 44110 |
| Maloney, Kathy B. | 47 Fuller Street, Buffalo, NY 14207 |
| Martin, Deborah | P.O. Box 201, Zaleski, OH 45698 |
| McClanahan, Andrea | 549 N. Locust St., Oak Harbor, OH 43449 |
| McCutcheon, Brandy | 14 Log Gardens, Nitro, WV 25143 |
| McGrew, Dawn | 3385 E. US 224, Ossian, IN 46777 |

| Metz, John | 34 South Shafer St., Athens, OH 45701 |
|---|---|
| Middleton, Rebecca | 142 Reatta St., Grayson, KY 41143 |
| Miller, Nadine | 695 Edgewood Rd., Richmond Heights, OH 44143 |
| Mills, George | 2938 Lindale Ave., Dayton, OH 45414 |
| Neff, James | 1915 South 7th St., Ironton, OH 45638 |
| Olander, Beverly | 28 East Bond Street, Corry, PA 16407 |
| Opett, Rita | 74 Canandaigua Ave., Canandaigua, NY 14424 |
| Orren, Gary | 913 Brookfield Dr., Apt. 7, Mansfield, OH 44907 |
| Padgitt, Shelly | 220 Elruth Court, Girard, OH 44420 |
| Paschal, Mary | 127 N. Kilmer St., Dayton, OH 45417 |
| Patrick, Carl N. | 730 Hopkins St., Buffalo, NY 14220 |
| Phillips, Rhonda | 312 Canal Street, Lulig, LA 70070-4574 |
| Redmond, Steven (Nick) | 57 Hunters Court, Amelia, OH 45102 |
| Rich, Patricia | 56718 Sarahsville Rd., Senecaville, OH 43780 |
| Riley, Clarence | 8475 Sleepy Hollow Dr., Warren, OH 44484 |
| Roberts, Jearldine | 6052 St. Rt. 161, Urbana, OH 43078 |
| Robinson, Marie | 102 Dutch Creek Dr., Wilmington, OH 45177 |
| Roddy, Christine | 8594 Band Dr., Garfield Heights, OH 44125 |
| Root, Carrie | 4445 Groveport Rd., Obetz, OH 43207 |
| Rotonda, Joseph | 1050 Matterhorn Dr., Reynoldsburg, OH 43068 |
| Sadler, Gene | 25025 Tryon Rd., Oakwood Village, OH 44146 |
| Sims, Jennifer | P.O. Box 204, Mansfield, OH 44901 |
| Smith, Linda L. | 1065 Co. Rd. 5 – 2, Liberty Center, OH 43532 |
| Solomon, Patsy | 2002 Greenway Ct., Crawfordsville, IN 47933 |
| Switzer, Fannie | 1283 Twp. Rd. 1706, Rt. #4, Ashland, OH 44805 |
| Tanner, Shontay | 4370 Thelma Dr., Columbus, OH 43207 |
| Teboe, Margie | 133 W. Washington Street, Box 253, Monroe, IN 46772 |
| Thayer, Janice | 25426 Hwy 408, Cambridge Springs, PA 16403 |
| Thomas, Nancy L. | 131 S. Richmond St., Fleetwood, PA 19522 |
| Thompson, Joan | 2315-1 Laurell-Lindale Rd., New Richmond, OH 45157 |
| Trowbridge, Carol | 229 N. 6th St., Cambridge, OH 43725 |
| Vaccarelli, Joseph | 1150 Becthal St., Apt. 401, Monaca, PA 15061 |
| Vaughn, Bobby | Rt. 1 Box 37 F10, Redhouse, WV 25168 |
| Vogelsang, Beverly | 123 Georgian Dr. S.W., Reynoldsburg, OH 43068 |
| Ward, Patricia A. | 22324 Columbus, Warren, MI 48089 |
| Wilkinson, Sherrie | 20250 Empire, Taylor, MI 48180 |
| Wolfe, Michael R. | 905 E. Fleetwood Dr., Greensburg, IN 47240 |

APPENDIX B

<notice letter to be printed on regularly-used AVI letterhead>

Dear <>:

AVI FOODSYSTEMS, Inc., wishes to notify you of job opportunities now open at AVI. If you are interested in a position with AVI, please call or write <give name and contact information for hiring official at AVI> no later than 30 days after the date of this letter. If you do so, AVI will attempt to find a position for you. You arc under no obligation to accept a position at AVI, whether or not you notify AVI that you wish to be considered for a job with the company.

Yours truly,

<AVI representative>

APPENDIX C

<notice letter to be printed on regularly-used AVI letterhead>

Dear <>:

AVI FOODSYSTEMS, Inc., wishes to notify you of job opportunities now open at AVI. If you are interested in a position with AVI, please call or write <give name and contact information for hiring official at AVI> no later than 30 days after the date of this letter. If you do so, AVI will attempt to find a position for you.

You are under no obligation to accept a position at AVI, whether or not you notify AVI that you wish to be considered for a job with the company. If you choose not to accept a position with AVI, you will receive $1,000 pursuant to a consent decree entered with the Equal Employment Opportunity Commission in the Southern District of Ohio, Eastern Division, Civil Action No. 2:09-cv-00656-JDH-MRA.

If you do not wish to be considered for a position with AVI at this time, please call or write <give name and contact information for hiring official at AVI>. You will then receive $1,000 pursuant to the Consent Decree entered with the Equal Employment Opportunity Commission.

Yours truly,

<AVI representative>

APPENDIX D